Nichols, C. J.
Items 2 and.3 of the last will of Berthold Siemer, late of Meigs county, Ohio, read as follows:
“Item 2d. In the event that my said wife should remarry, then I will and direct that my estate shall be divided in three equal shares, giving to my said wife one share and the other two shares shall- go to my nearest kin.'
“Item 3d. If my said wife does not remarry then after her death all estate then in existence shall be equally divided between my 'and my wife’s nearest kin, they sharing like and like,”
*448 The testator died in February, 1915. His widow, Susanna Siemer, who did not remarry, died in June, 1917.
The case at bar involves a construction of the phrase “nearest kin” as employed in Item 3. It also requires construction of the word “between” as associated with the clause “they sharing like and like.”
The testator had two- brothers, both of whom were dead at the date of the execution of the will and both of whom left lineal descendants.
He had five sisters, two of whom survived both him and his widow, and three of whom were dead at the time of the execution of the will, each, however, leaving lineal descendants.
The widow, Susanna Siemer, had two brothers and one sister. One brother and one sister departed this life before the execution of the will, leaving, however, lineal descendants who survived both testator and his widow.
Her other brother survived both testator and herself.
Item 2 of the will is made a part of the opinion, as it is thought it extends some assistance in arriving at the true intention of the testator, although the real devise of the property involved is covered by Item 3.
The first question is: Does the phrase “nearest kin” exclude the children of the deceased brothers and sisters and restrict the devise to the two sisters, in the one instance, and the one brother, in the other; or should the doctrine of participation by representation prevail?
*449 It is the claim of the surviving brother and sisters that the rule established in the case of Clayton et al. v. Drake et al., 17 Ohio St., 367, if applied in the instant case, will limit the division of the estate to them.
The court in that case did give to the phrase “next of kin” a strictly technical definition, the effect of which was to defeat participation by representation. The court was, however, construing the term as found in the statutes of descent' and distribution, afterwards amended, and not as employed in a will.
If the facts in the case were precisely similar to the situation as developed in the case of Clayton v. Drake, supra, we would be disposed to be loath to disturb the doctrine there established, as a rule of property was there laid down; but, since, as we have said before, the construction in the Drake case is of the expression found in a statute and not in a will, we do not regard the doctrine of the Drake case as having that binding force and effect that would preclude a consideration anew of the law question involved in the case.
We are justified in this course of action, in the first place, by the doctrine established in the case of Steel, Admr., v. Kurtz et al., 28 Ohio St., 191. Here “next of kin” was given a far broader meaning than ascribed to it in the Drake case. A surviving husband was held to be the sole next of kin of a deceased wife (there being no children) to the exclusion of the brothers and sisters of the deceased. In the statute there under review, it is *450 provided that the damages recovered should be distributed to the widow and “next of kin.” There is no express provision in the act for the representatives of the next of kin, nor for the surviving husband.
It is quite true that the act regulating the disposition of the fund recovered in an action for wrongful death, in force at the time of the decision in Steel, Admr., v. Kurtz et al., did provide that the fund should be distributed to the widow and next of kin, in the proportion provided by law in relation to the distribution of personal estates, left by persons dying intestate.
But it is obvious that this portion of the statute did not have the effect of enlarging the field of beneficiaries beyond those nominated in the law, its only effect being to determine the proportionate part each should receive.
So we must conclude that it was only through a construction including a husband as the next of kin of a deceased'wife that the surviving husband could participate in such fund.
It is the unquestioned doctrine of that case that the words “next of kin,” wherever found in our Code, should comprehensively include all who are included in our statutes of descent and distribution, in .the order and proportion therein provided.
It is the unmistakable policy of Ohio, as,evidenced by the entire. General Code, that the representatives of next of kin should participate in the distribution of intestate property.
While it is true that in the statutes of distribution, for the sake of certainty, the general assembly *451 has invariably added, after the phrase “next of kin,” the words “or their legal "representatives,” yet, rather than deducing from this fact that there was a legislative acquiescence in the technical definition of “next of kin” it may be safely said that it was the firm intention of the general assembly to protect the representatives of deceased next of kin against' all possibility of narrow judicial construction.
Under these circumstances, we are disposed to follow the broad construction of “next of kin” as employed in the Kurtz case, supra, rather than the limited meaning given it in the Drake case, supra.
Both of these cases gave interpretation to the language as found in the statute. Construing the same or similar language found in a will, we are at liberty to depart from the narrower construction and call to our assistance some of the well-known rules of will construction.
We here meet with the expression “nearest of kin” rather than “next of kin,” but we are not inclined to give any added force to the superlative “nearest.” It is concededly difficult to distinguish between “next of kin,” “nearest of kin,” “nearest kindred,” and associated expressions-. Almost universally courts have declined- to draw a shade of difference in their real meaning. In a primary sense, some authors say these expressions indicate the nearest degree of consanguinity.
This sense of the term would necessarily exclude a wife or husband from the category of “nearest of kin.” If it were followed, it would mean that if a married man by his last will should provide *452 simply that his property should pass to his nearest of kin, his wife, should she elect to take under the will, would be barred from all participation in the estate. And yet it is indisputable that if the married man, in whose home domestic felicity reigned, were asked as to his conception of the personnel of his nearest of kin, his certain reply would be “my wife.”
The primary sense, it is therefore fair to say, is not by any means the universal, or even popular, sense of the term.
In many jurisdictions, especially in the English courts, it is held that, in the construction of wills, “next of kin” must be understood to mean nearest of kin, without regard to the statutes of distribution. It is possibly true that the weight of authority in America is in accord with the modern English rule.
Notwithstanding this fact, we feel constrained to give to this expression, when found in a will, the same broad meaning that was given it by the court in the Kurtz case, supra, in construing a statute.
The construction given the expression by the courts of England operates to disinherit the heir at law, and is.in derogation of the natural line of inheritance.
There is a primary rule applicable to the construction of wills, that the heir at law shall not be disinherited by conjecture, but only by express words, or necessary implication. It is said by as eminent an authority as Mr. James Schouler, paragraph 479 of the Students’ Edition of his treatise *453 on wills, that the policy of modem times is to extend the presumption in favor of the heir at law “to any one or all closely related who would, independently of a will, have taken the property in question under the appropriate statutes of descent and distribution.”
The same author, in the same paragraph, says: “In case of doubt a construction of the will, as to property, which conforms most clearly to the general statutes of descent and distribution should prevail.”
The rule of presumption in favor of. the heir at law must yield, it is true, to the manifest intention of the testator, but only, as we have just observed, if this intention be gathered from express words of the will. Had the testator provided, for instance, that at the death of his widow, the property should descend to his surviving brothers and sisters, we would have met with an unequivocal disinheritance of the children of his dead brothers.
Under such circumstances, the rule of presumption in favor of the statutory heir passes out. We do not feel inclined to favor a construction, unless it be a necessary one, against all principles of natural justice and against the well-settled policj^ of inheritance as provided by our law.
We believe that the children of a testator’s deceased brothers and sisters have just as much'claim on his bounty as his living brother and sister would have. Abstract justice would say so, the written law regards them with equal favor, and we are unwilling to ascribe to a testator, unless the plain language of his will would compel us, the harsh *454 intention of doing that which the law says ought not be done, even thoug'h it permits it to be done.
If the terms and expression employed by a testator forbid interpretation by reason of their clarity, we are without power in the premises.
However, the expression “nearest of kin” is not of that patent unambiguity that prohibits construction. While technically the term might exclude the children of a deceased brother or sister, yet we find eminent authority and modern precedent holding that its true meaning is comprehensive enough to include all who would take under the statutes of descent and distribution.
Having the choice, therefore, of construction, we are disposed to adopt the interpretation that appears to us to be most consonant with the principles of natural justice, and which conforms to the well-settled legislative policy of the state, as well as the later judicial construction given the same phrase when found in our statutes.
The remaining question in controversy has reference to the division of the estate as between the testator’s and his widow’s nearest of kin. They are unequal in number.
It is urged by the nearest of kin of the testator that the use of the expression “they sharing like and like” implies the meaning that all are to be placed in one class and each to receive his or her aliquot part, regardless of whether they be of the testator’s or his widow’s nearest of kin.
The claim of the widow’s nearest of kin is that the true meaning and intention of the testator is *455 to give one-half to his own nearest of kin and the other half to his widow’s nearest of kin.
The court of appeals so construed the will, and we are in full accord- with this construction. The expression “they sharing like and like,” we believe has reference to the proportionate share that each one of the two classes shall take, and does not operate to alter the plain meaning of the word “between.” It has no broader meaning than would be ascribed to the term “equally.” It simply divides the devise into two groups or classes, and is not intended to provide that each individual devisee, without reference to his classification, shall share alike with his fellow.
The judgment of the court of appeals is therefore affirmed in all things and the cause is remanded to the court of common pleas of Meigs county for further proceedings according to law.

Judgment affirmed.

Jones, Matthias, Johnson, Wa-namaker and Robinson, JJ., concur.
Merrell, J., not participating.